**Daniel O'REILLY, Petitioner,**

v.

**Thomas F. PAGE, Warden, Menard Correctional Center, Menard, Illinois, Respondent,**

**and**

**The Attorney General of the State of Illinois, Additional Respondent.**

No. 94 C 6254.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 31, 1994.

Michael Edward Deutsch, People's Law Offices, Chicago, IL, William Kunstler, Kunstler and Kuby, New York City, for petitioner Daniel O'Reilly.

Arleen C. Anderson, Ill. Atty. Gen's. Office, Chicago, IL, for respondents Thomas F. Page, Warden, Menard Correctional Center, Menard, IL, Atty. Gen. of State of Ill.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

This Court has just received a document captioned "Petition for a Writ of Habeas Corpus" (the "Petition") in which Daniel O'Reilly ("O'Reilly") seeks to level a constitutional attack under 28 U.S.C. § 2254 ("Sec-

tion 2254") against his state court convictions of first degree murder and home invasion, both based on accountability.[1] After O'Reilly had been convicted of those charges following a jury trial, he was sentenced on July 25, 1991 to concurrent sentences of 38 and 30 years. There is no question that O'Reilly has exhausted his state remedies as required by Section 2254(b), because he has taken an unsuccessful appeal to the Illinois Appellate Court (250 Ill.App.3d 622, 190 Ill.Dec. 325, 621 N.E.2d 194 (1st Dist.1993)[2]), and he was then denied leave to appeal to the Illinois Supreme Court.

■ O'Reilly's able habeas counsel have fashioned an ingenious argument that the trial judge committed constitutional error by refusing to give the jury an involuntary manslaughter instruction, thus failing to provide the jury with a third option to either convicting O'Reilly of felony murder[3] or letting him go free.[4] In that respect counsel rely heavily on *People v. Taylor*, 212 Ill.App.3d 351, 156 Ill.Dec. 458, 570 N.E.2d 1180 (5th Dist.1991), which accepted a like argument where (as was the case with O'Reilly) the defendant did not admit his commission of a forcible felony. *Taylor* held that if the jury had found the defendant did not indeed commit the claimed robbery or other forcible felony, under the facts of that case it could have found defendant guilty of involuntary manslaughter.

But that argument is fatally flawed. By definition O'Reilly reasons from analogy in invoking *Taylor*. However, the Illinois Appellate Court in O'Reilly's own case did not accept that analogy, distinguishing *Taylor* (Opinion at 197):

The State distinguishes *Taylor* on the grounds that the defendant was tried for murder based on his own act of assault, not murder based on the act of another. . . . In *Taylor* the defendant killed the deceased. In this case the defendant did not kill the deceased, Nieves did. It is Nieves' conduct, not the defendant's which is relevant to the issue of murder, and Nieves clearly intended to shoot Schultz.

That was a vital difference, as the Appellate Court went on to explain (*id.*):

We find the court properly refused to instruct the jury on the lesser included offense of involuntary manslaughter because if the defendant was acquitted of felony murder, he could not be found guilty of involuntary manslaughter. It is undisputed that Nieves committed the murder. So the issue for the jury based on the instructions it received was whether the defendant: (1) committed a home invasion, (2) committed felony murder based on the home invasion, (3) assisted Nieves in committing a home invasion, (4) assisted Nieves in committing a murder, or (5) none of these. These are the only conceivable crimes the defendant could have committed. If the jury found the defendant guilty of the underlying home invasion, it could find the defendant guilty of felony murder. If the jury acquitted the defendant of home invasion, it could not find the defendant guilty of felony murder, and if the jury acquitted the defendant of felony murder, it could not then find him guilty of involuntary manslaughter, because he did not kill Schultz. The jury found the defendant guilty of home invasion and murder both based on accountability—perfectly

1. In fact it would appear that the only issue raised by the Petition and discussed in this opinion would, if upheld, affect only the murder charge—not the charge of home invasion. Nothing in the Petition argues that the Illinois courts' asserted deprivation of O'Reilly's constitutional rights by refusing to give an involuntary manslaughter instruction to the jury somehow tainted the guilty verdict on the home invasion. However, the decision reached here makes that a non-issue in any event.

2. Citations to the Appellate Court opinion will take the form "Opinion at—," citing only to the West N.E.2d reporter.

3. O'Reilly did not pull the trigger in the fatal shooting of decedent John Schultz ("Schultz"). Instead the shooter was Manny Nieves ("Nieves").

4. Cases that adopt the approach urged by O'Reilly's counsel make the point that a jury that may believe a defendant guilty of something but is uncertain whether the charged offense has been proved might well opt for conviction because it did not want the defendant to escape punishment and because it was unaware that the two polar opposites were not the only available alternatives.

consistent verdicts given the facts before them.

■ Although the meaning of the United States Constitution is of course a matter of federal law, the substantive criminal law of a state is defined by *its* courts and not by federal courts sitting in habeas corpus. To put the matter in simplest terms, the definitive exposition of Illinois law applicable to *this* case is not that contained in *People v. Taylor* but rather its expression in *People v. O'Reilly*. What the Illinois Appellate Court has decided (and the Illinois Supreme Court has declined to re-examine) in O'Reilly's own case is that *as a matter of state law* O'Reilly "could not [be] guilty of involuntary manslaughter, because he did not kill Schultz." And by definition it could not have violated O'Reilly's federal constitutional rights for the trial court to refuse to give an instruction that would have told the jury that it could convict O'Reilly of something that was *not* a crime under Illinois law.[5]

That dooms O'Reilly's Petition for the most basic of reasons. Accordingly "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). For that reason the petition is dismissed summarily (*id.*).

---

**5.** Parenthetically (for on the present Section 2254 Petition this Court cannot of course question the Appellate Court's substantive exposition of state law), this analysis is really supported directly by *Taylor* itself. In that decision the Fifth District Appellate Court distinguished some earlier cases in these terms (156 Ill.Dec. at 462, 570 N.E.2d at 1184):

> We are aware of cases that have held that where, as here, a defendant is charged with felony murder (Ill.Rev.Stat.1989, ch. 38, par. 9–1(a)(3)), an involuntary manslaughter instruction is improper because in such a case no intent is required and the defendant need not even be the actual perpetrator of the killing. (*People v. Weathers* (1974), 18 Ill.App.3d 338, 345–46, 309 N.E.2d 795, 801.) Thus, if the jury finds that the murder was committed

in the course of a forcible felony, in this case robbery, it could not find the defendant guilty of involuntary manslaughter. (See also *People v. Ellis* (1981), 93 Ill.App.3d 981, 984, 49 Ill. Dec. 444, 446, 418 N.E.2d 88, 90.)

It was in that context that the *Taylor* court spoke of the defendant's denial of the commission of any forcible felony. But where as here the murder itself was directly committed by Nieves and not by O'Reilly, it would seem that the distinction made in *Taylor* logically vanishes and that the language just quoted from *Taylor* would come into play as to O'Reilly. As has already been said in this opinion, however, the vital factor that controls this opinion is what the Illinois law of involuntary manslaughter *is*, not whether this Court finds it logical.